UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4029**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SERGIO RENTERIA-GONZALEZ, a/k/a Jaime Roberto Hurd-Pinero,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:15-cr-00052-FL-1)

Submitted: October 26, 2016          Decided: January 3, 2017

Before SHEDD, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Renteria-Gonzalez appeals his 30-month prison sentence after pleading guilty to illegal reentry of an aggravated felon. The district court sentenced him at the high end of his Guidelines range of 24 to 30 months. On appeal, Renteria-Gonzalez contends that the district court committed procedural error by not explaining its rejection of his argument for a sentence below the Guidelines range. We affirm.

We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) (2012) for abuse of discretion. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). We first consider whether the district court committed a significant procedural error, such as failing to adequately explain the sentence. Gall, 552 U.S. at 51. If the sentence is procedurally reasonable, we consider its substantive reasonableness, taking into account the totality of the circumstances. Id. We presume that a sentence within or below the Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). The presumption can only be rebutted by showing the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

The district court "must make an individualized assessment based on the facts presented when imposing a sentence, apply[ing]

2

the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must state in open court the particular reasons supporting its chosen sentence." Lymas, 781 F.3d at 113 (citation and internal quotation marks omitted). "[A] district court's explanation of its sentence need not be lengthy, but the court must offer some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." Id. (citation and internal quotation marks omitted). The "court's stated rationale must be tailored to the particular case at hand and adequate to permit meaningful appellate review." Id. (citation and internal quotation marks omitted); see also Rita v. United States, 551 U.S. 338, 356 (2007) (explanation must "satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.").

"Although every sentence requires an adequate explanation, a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification than a minor one." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (citations and internal quotation marks omitted). "When imposing a sentence within the Guidelines, however, the explanation need not be elaborate or lengthy." Id. (citations and internal quotation marks omitted).

3

Where the defendant properly preserved the issue of whether the explanation was adequate, this Court reviews the issue for abuse of discretion. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). If this Court finds such abuse, the Court must reverse unless it concludes that the error was harmless. Id. The Government bears the burden of showing that the error did not have a substantial and injurious effect or influence on the result and this Court can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed. United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010).

In Lynn, we held that to preserve a claim that the district court provided inadequate explanation for a sentence, a party is not required to lodge an explicit objection after the district court's explanation. Rather, "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." Lynn, 592 F.3d at 578. However, "lodging one specific claim of procedural sentencing error before the district court, e.g., relying on certain § 3553 factors, does not preserve for appeal a different claim of procedural sentencing error, e.g., relying on different § 3553 factors." Id. at 579 n.4.

4

We have reviewed the record and conclude that the district court did not err or abuse its discretion, and it adequately explained its sentencing decision. It made an individualized assessment based on the facts presented, applied the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and stated in open court the particular reasons supporting its chosen sentence. Its statements were sufficient to satisfy us that it considered the parties' arguments and had a reasoned basis for exercising its decisionmaking authority.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED